## YABUCOA SUGAR COMPANY, Complainant,

v.

## NEW YORK & PORTO RICO STEAMSHIP COMPANY, Dft.

---

San Juan, Law, No. 1576.

**Pleading—Damage to Freight.**

    1. The allegations of a complaint are deemed sufficient if the facts set forth show that the defendant was not entitled to receive from the plaintiff compensation he claims for transporting sugar sacks because not delivered by the defendant in the condition in which they left New York.

**Pleading—Depreciation of Value.**

    2. Where the allegations of a complaint specifically state that

Yabucoa Sugar Co. v. New York & P. R. S. S. Co.

before certain sugar sacks were damaged they had a value of 34
cents and after they were damaged their value is less than 5 cents,
such allegation is sufficient to require the defendant to answer.

Opinion filed January 22, 1923.

Mr. *O. B. Frazer* for complainant.

Messrs. *Chas. Hartzell* and *D. F. Kelley* for defendant.

Odlin, Judge, delivered the following opinion:

A demurrer to the amended complaint herein was filed on
January 9, 1923, and has been argued by the respective coun-
sel, which demurrer rests upon the ground that the amended
complaint is defective because it does not allege that the plain-
tiff or anyone on its behalf paid the defendant for transporting
the sugar sacks described in the amended complaint; and also
because there is no averment in the said amended complaint as
to the condition of the sugar sacks at the time they are stated
to have been delivered to the defendant steamship company for
transportation to Porto Rico.

I have examined with care the amended complaint and I
find that it is distinctly alleged that in the month of October,
1920, the steamship company received from third parties a
large shipment from India to Porto Rico by way of New York,
which shipment comprised numerous bales of sugar sacks, each
bale containing 400 sacks; that of this shipment 472 bales were
to be shipped on a steamship controlled and operated by the
defendant corporation due to sail from New York on or about

Yabucoa Sugar Co. v. New York & P. R. S. S. Co.

October 16, 1920, and thereupon the defendant steamship company issued their bill of lading therefor, whereby the defendant promised and agreed to take care of and safely to carry said 472 bales to San Juan, Porto Rico, and make delivery thereof safely to the order of the Bemis Brothers Bag Company, upon the surrender of the bill of lading of the initial line, properly indorsed, in consideration of a reasonable compensation agreed upon by said Bemis Brothers Bag Company, to be paid to the defendant therefor. And it is alleged that said goods were by the defendant steamship company negligently exposed to rain, as a result of which a large part of the shipment, viz. 46,617 sacks, became wet and damaged, reducing their value from $34\frac{1}{2}$ cents each to $4\frac{3}{10}$ cents each. It is further alleged in the amended complaint that the said original bill of lading issued by the defendant steamship company, and likewise the original bill of lading of the initial company were duly indorsed to the plaintiff and that the plaintiff was the holder of the same at the time that said damages to the sacks arose, and has been the holder thereof ever since.

The court is of the opinion that this demurrer must be overruled. With regard to the first ground, if the amended complaint is true the plaintiff was not bound to pay the defendant for transporting the sugar sacks, according to the bill of lading, because the sugar sacks were never delivered in the condition in which they left New York. The amended bill of complaint specifically states that the contract of the defendant steamship company was not fulfilled by it.

With regard to the second ground, I am of the opinion that it is not necessary that the amended complaint should set forth the condition of the sugar sacks at the time of their delivery

to the defendant steamship company at New York. The amended complaint specifically states that these sacks before they were damaged by the defendant steamship company had a value of 34 cents and after said damage their value was less than 5 cents. In my opinion this is a sufficient allegation to require the defendant to file an answer to the amended complaint.

Therefore the said demurrer is overruled, and the defendant is required to answer this amended complaint on or before the 3d day of February, 1923, furnishing a copy of such answer to the counsel for the plaintiff.

To this ruling counsel for the defendant excepts.